UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GOOD HOPE MISSIONARY BAPTIST CHURCH OF WESTLAKE** | **CASE NO.  2:21-CV-03844** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Church Mutual Insurance Company, S.I.'s Motion to Dismiss" (Doc. 9) wherein Church Mutual moves to dismiss Plaintiff Good Hope Missionary Baptist Church of Westlake LA Inc.'s ("Good Hope") cause of action for breach of contract and breach of duty of good faith and fair dealing.

## INTRODUCTION

Good Hope contracted with Church Mutual to insure its property.  The policy was in effect during the period of May 26, 2019 through May 26, 2022.   On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana as a category four hurricane. As a result, Good Hope's property suffered extensive damage.

Good Hope asserts that it is entitled to recovery to all benefits due under the policy resulting from the Hurricane. Church Mutual inspected the property on December 4, 2020, and several times thereafter. Despite having provided sufficient proof of loss, Good Hope

alleges that Church Mutual failed to timely and reasonably adjust the loss and respond to the formal proof.[1]

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

---

[1] Doc. 1, ¶ 40.

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Good Hope's Complaint asserts (1) declaratory judgment, (2) breach of contract, and (3) breach of the duty of good faith and fair dealing. Church Mutual moves to dismiss these claims because "Good Hope [did] not specify any policy provisions, much less the

specific policy provisions breached."[2] Church Mutual argues that Good Hope has failed to state a claim for breach of contract. Church Mutual also maintains that Good Hope's Complaint fail to allege sufficient facts to support its claims for breach of the duty of good faith and fair dealing. Church Mutual asserts that the Complaint alleges nothing more than labels and conclusions and a recitation of the language of the statute."[3]

Good Hope maintains that it has met its burden of stating a claim for relief that is plausible on its face. Good Hope argues that it does not have to allege the specific policy provision(s) which Church Mutual breached, as such is not required by Federal Rule of Civil Procedure 8(a)(2)-(3). Good Hope remarks that it alleged that Church Mutual breached the terms of the policy and described with factual detail how Church Mutual breached said policy.

Good Hope notes that its Complaint alleges that its damages stem from Church Mutual's failure to pay the benefits owed under the policy. The Complaint further alleges that Good Hope provided timely notice of its claim to Church Mutual with sufficient proof of loss and that Church Mutual breach its duty to timely adjust Plaintiff's property damage claim.

Church Mutual maintains that it has a right to defend itself and thus is entitled to know what contractual obligation(s) under the policy Good Hope alleges it breached and what facts Good Hope is relying upon to support its claims. Alternatively, Good Hope

---

[2] Defendant's Memorandum in Support of Motion to Dismiss, Doc. 9-2, p. 3.
[3] Id. p. 4.

requests that instead of dismissing its claims, that it be allowed to amend its Complaint to cure the alleged deficiencies.

The Court notes that this matter is in its infancy,[4] and thus is inclined to allow Plaintiff to amend instead of dismissing the lawsuit.

## CONCLUSION

The Motion to Dismiss will be denied and Plaintiff Good Hope will be allowed 14 days from the date of this order to amend. Accordingly,

**IT IS ORDERED** that Church Mutual's Motion is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Plaintiff Good Hope amend its Complaint within 14 days of this Order.

**THUS DONE AND SIGNED** in Chambers on this 8th day of February, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[4] The Complaint was filed on November 2, 2021.